# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMSC-025

Filing Date:  May 12, 2010

Docket No. 31,288

STATE OF NEW MEXICO,

       Plaintiff-Petitioner,

v.

ALBERTO SAVEDRA, JOSE LOZANO, SR.,
and SCOTT YATES,

       Defendants-Respondents.

**ORIGINAL PROCEEDING ON CERTIORARI**
Freddie Joseph Romero, District Judge

Gary K. King, Attorney General
Max Shepherd, Assistant Attorney General
Santa Fe, NM

for Petitioner

Thomas E. Lilley, P.C.
Thomas E. Lilley
Roswell, NM

Trace L. Rabern, Attorney and Counselor at Law, L.L.C.
Trace L. Rabern
Santa Fe, NM

for Respondent Alberto Savedra

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Respondents Jose Lozano, Sr.,
and Scott Yates

## OPINION

**SERNA, Justice.**

**{1}**     In this appeal, we are presented with the recurring issue of how our six-month rules should be administered when the State dismisses charges in magistrate court and subsequently refiles the same charges in district court.  On separate occasions, Defendants Savedra, Lozano, and Yates were charged with misdemeanor Driving While Intoxicated (DWI) in magistrate court, and did not reach a plea agreement.  In each case, the State dismissed the charges in magistrate court and refiled the cases in district court pursuant to a prosecutorial policy of the district attorney in the Fifth Judicial District, the purpose of which is to avoid duplicative trials.  After more than six months had elapsed from the arraignment or waiver of arraignment in magistrate court, each of the Defendants moved to dismiss their cases on the basis of a six-month rule violation.  The district court granted each of the motions.  The State appealed the dismissals, and the Court of Appeals affirmed in a consolidated case.  *State v. Yates*, 2008-NMCA-129, ¶ 16, 144 N.M. 859, 192 P.3d 1236.  We granted the State's petition for certiorari to address whether the Court of Appeals erred when it affirmed the district court's orders dismissing the three cases.  We affirm.

**DISCUSSION**

**{2}**     The six-month rules that we have established for our trial courts "provide the courts and parties with a rudimentary warning of when speedy trial problems may arise."  *State v. Garza*, 2009-NMSC-038, ¶ 46, 146 N.M. 499, 212 P.3d 387.  The time limits for the commencement of trial in magistrate courts are governed by Rule 6-506 NMRA.  The rule provides in pertinent part:  "The trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest:  (1) the date of arraignment or the filing of a waiver of arraignment of the defendant[.]"  Rule 6-506(B); *see also State v. Carreon*, 2006-NMCA-145, ¶ 6, 140 N.M. 779, 149 P.3d 95 ("Commencement of trial within the stated period, while not jurisdictional, is mandatory.").  In district court, the time in which a trial must be commenced is governed by Rule 5-604 NMRA, providing in pertinent part:  "The trial of a criminal case or habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs latest:  (1) the date of arraignment, or waiver of arraignment, *in the district court* of any defendant[.]"  Rule 5-604(B)(1) (emphasis added).  However, there is no district court or magistrate court rule to address the interplay between the six-month rule provisions for each court when a complaint is dismissed in magistrate court and later refiled in district court.

**{3}**     Because of this gap in the rules, a long line of appellate court opinions have sought to preserve the protections of the six-month rule by requiring the State to demonstrate that its decision to dismiss and refile was not done in bad faith to circumvent the protections of the six-month rule. *See Carreon*, 2006-NMCA-145, ¶ 7 (reiterating that "the State cannot escape the effect of the six-month rule if the dismissal and re-filing are done for a bad reason, including doing so for the purpose of circumventing the six-month rule"); *accord State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972); *State v. Ahasteen*, 1998-NMCA-158, 126 N.M. 238, 968 P.2d 328; *State v. Bolton*, 1997-NMCA-007, 122 N.M. 831, 932 P.2d 1075.  Accordingly, in the present appeals, the Court of Appeals

majority reasoned that it was "inclined to adhere to [its] conclusion in *Carreon* [, 2006-NMCA-145, ¶ 11] that the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the State's burden." *Yates*, 2008-NMCA-129, ¶ 11 (internal quotation marks omitted). We agree that *Carreon* is directly on point and dictates that we affirm the district court's dismissals.

**{4}** As in *Carreon*, the State in these cases dismissed Defendants' magistrate charges and refiled the same charges in district court pursuant to a policy in which the prosecutor would dismiss a case in magistrate court once it became apparent that there would be no plea agreement and then refile the same charges in district court. The State offered no other reason for the dismissals and subsequent refilings. The facts in these cases are such that the *Carreon* holding—that the mere existence of such a policy is insufficient to meet the State's burden—directly applies to Defendants' cases. Since the State did not meet its burden to show why its dismissal and refiling was done for reasons other than to circumvent the six-month rule, Defendants' six-month rule time periods commenced with either the arraignment or waiver of arraignment in magistrate court and continued to run until they expired; a new six-month rule time period did not commence once the cases were refiled in district court.

**{5}** We agree with the Court of Appeals that a literal application of Rule 5-604(B)(1), which would grant the State a new six-month time period in which to bring the case to trial upon refiling in district court, "violate[s] the spirit of the six-month rule[.]" *Yates*, 2008-NMCA-129, ¶ 4. This Court has adopted the six-month rules in order to effectuate a criminal defendant's right to a speedy trial and to "assure prompt disposition of criminal cases." *Garza*, 2009-NMSC-038, ¶ 43 ("As a case management tool, the six-month rule accounts for the amount of delay considered reasonable in bringing cases to trial."). Thus, the right protected by the six-month rules belongs to a *criminal defendant*, not the State, the courts, or any other party. To allow the State a new six-month time period in which to bring a case to trial after refiling would permit the State to cause delay in bringing defendant to trial after he or she was charged in magistrate court. *See Carreon*, 2006-NMCA-145, ¶ 6 (noting that the six-month rules "guard against lack of preparedness on the part of the State"). The focus of administration of the six-month rule should be on the defendant and his or her right to have a prompt disposition of his or her criminal charges. Thus, when charges are dismissed in the courts of limited jurisdiction, which include magistrate, metropolitan, and municipal courts, and later refiled in district court, the triggering event for six-month rule purposes is the triggering event that occurred in *the court of limited jurisdiction*, and the six-month time period is not automatically reset upon the refiling. In light of the existing case law in this area, the prosecution should have known that its policy of dismissing and refiling in district court was an insufficient basis for restarting the six-month rule period in district court. Accordingly, the dismissals of Defendants' cases are affirmed because they were not brought to trial within the time period required under the magistrate court six-month rule and there was no basis for restarting the six-month rule period under the district court's rule.

**{6}** While affirmance is warranted in these cases, we do take note of Judge Castillo's special concurrence in these appeals, suggesting that we re-examine the six-month rules for district and magistrate courts. In particular, Judge Castillo suggested that:

> Perhaps it would be helpful for the Supreme Court to consider amending the Rules of Criminal Procedure for district courts and magistrate courts in order to explain under what circumstances the arraignment in magistrate court would remain the triggering event for application of the district court six-month rule and under what circumstances a new six-month rule would begin.

*Yates*, 2008-NMCA-129, ¶ 28 (Castillo, J., specially concurring). As the Court of Appeals noted in its Opinion, the six-month rules in magistrate and district court do not address the procedural posture presented in Defendants' cases—there is no provision in either set of rules governing a situation when a case is dismissed in magistrate court and then later refiled in district court. *Id.* ¶ 13; *see also State v. Heinsen*, 2005-NMSC-035, ¶ 26, 138 N.M. 441, 121 P.3d 1040 (noting that Rule 5-604 "is silent on the effect of a dismissal in magistrate court and refiling in the district court").

**{7}** The Court of Appeals also expressed concerns

> that [the classifications of the State's reasons for dismissing a case as "good" or "bad"] has unnecessarily judgmental connotations, suggesting that the focus of our analysis is whether the State has acted with a culpable state of mind and that six-month rule consequences attach only when the State has acted in bad faith or engaged in gamesmanship.

*Yates*, 2008-NMCA-129, ¶ 9. We share these concerns. The six-month rules were primarily created to effectuate a criminal defendant's right to a speedy trial. But as it stands, the "good faith-bad faith" analysis developed through the *Delgado* line of cases renders a defendant's right to be promptly tried as a contingent right, one that may provide protection only if the State had "bad" reasons for dismissing and refiling. We find this impermissible.

**{8}** As we have previously stated, the right protected by the six-month rules is a criminal defendant's right, not that of the State, the courts, or any other party; it is not a tool to punish the State for dismissing and refiling cases in bad faith, nor should its diminution be a reward for the State's good behavior. Viewed in that light, the cases in which courts have conducted a "good faith-bad faith" analysis regarding the State's reasons for dismissing and refiling a case in order to determine if a new six-month time period should be granted are misguided. Instead, any inquiry into the State's reasons for dismissing and refiling in district court should be done within the context of any speedy trial challenge the defendant may raise after the case is refiled in district court. *See Garza*, 2009-NMSC-038, ¶¶ 28, 48 (providing new time frames for engaging in the four-factor *Barker v. Wingo*, 407 U.S. 514 (1972) speedy trial balancing test and noting that delay resulting from dismissal and refiling should be weighed against the State); *see also State v. Maddox*, 2008-NMSC-062, ¶ 13, 145 N.M. 242,

4

195 P.3d 1254 ("The reasons for a period of the delay may either heighten or temper the prejudice to the defendant caused by the length of the delay.").

**{9}** In light of the foregoing, we recognize the need to revise our six-month rules to incorporate our decision set forth in this Opinion. Within the context of criminal proceedings in our courts of limited jurisdiction, our six-month rules continue to serve a useful purpose. But in our district courts, the six-month rule has become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial. Therefore, effective for all cases pending as of the date this Opinion is filed, we withdraw the six-month rule provisions set forth in Rule 5-604(B)-(E). *See State v. Pieri*, 2009-NMSC-019, ¶¶ 19-20, 146 N.M. 155, 207 P.3d 1132 (recognizing the Court's authority to make rule changes applicable to pending cases). In its place, defendants may rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause. We therefore request that our Rules of Criminal Procedure for District Courts Committee, Rules for Courts of Limited Jurisdiction Committee, and Metropolitan Courts Rules Committee consider how best to revise their rules to allow for the dismissal of cases from a limited jurisdiction court and refiling in district court in a manner that is consistent with the principles set forth in this Opinion and that protects the defendant's right to a speedy trial.

**CONCLUSION**

**{10}** The State failed to meet its burden to show why its dismissals and refilings were not done to circumvent the six-month rule. Thus, Defendants' six-month rule time periods commenced with either the arraignment or waiver of arraignment in magistrate court and continued to run until they expired; new six-month time periods were not given to the State once the cases were refiled in district court. Accordingly, the dismissals of Defendants' cases are affirmed.

**{11}   IT IS SO ORDERED**.

_____
**PATRICIO M. SERNA, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice**

5

_____
**EDWARD L. CHÁVEZ, Justice**

**Topic Index for *State v. Savedra*, No. 31,288**

**CT**        **CONSTITUTIONAL LAW**
CT-JR        Judicial Rule Making
CT-ST        Speedy Trial

**CA**        **CRIMINAL PROCEDURE**
CA-DC        Dismissal of Charges
CA-RP        Reinstatement of Proceedings
CA-RD        Right to Speedy Trial
CA-SP        Speedy Trial