**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                  **NO.  30,776**

**FRANK PEREZ**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

    Defendant appeals his conviction in metropolitan court for driving while intoxicated. In this Court's notice of proposed summary disposition, we proposed to

affirm. Defendant has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

**Speedy Trial**

Defendant contends that his right to a speedy trial was violated. [DS 18] In our notice of proposed summary disposition, we proposed to find no speedy trial violation. In Defendant's memorandum in opposition, he argues that this Court erred in applying the new, one-year time frame for a delay in a simple case set out in *State v. Garza*, 2009-NMSC-038, ¶ 48, 146 N.M. 499, 212 P.3d 387. Defendant argues that because *Garza* relied on a district court rule in deciding to extend the time from nine months to a year, *Garza*'s holding on the length of delay that is considered presumptively prejudicial does not apply to metropolitan court cases. [MIO 17-20]

We disagree. Although *Garza*'s reasoning relied, in part, on a district court rule, the rule announced in *Garza* is a constitutional one, and is to be applied independent of the rules of criminal procedure. *See State v. Stefani*, 2006-NMCA-073, ¶ 18, 139 N.M. 719, 137 P.3d 659 (noting that a six-month rule issue is analytically separate from a constitutional speedy trial issue, and the procedural rule and the constitutional rule are distinct in their operation and reach). If a defendant's constitutional right to a speedy trial were based on the time for trial set by the rules of procedure, as Defendant suggests, a defendant in the district court

2

would have no right to a speedy trial, as the six-month rule that *Garza* relied upon for its constitutional rule has been withdrawn by our Supreme Court. This is clearly not what our Supreme Court intended. *See State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20 (withdrawing the six-month rule from the rules of criminal procedure for the district court, and stating that defendants in district court may still "rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred"). Accordingly, we conclude that the time frames established in *Garza* are not dependent on court rules of procedure, and that they therefore apply to defendants whose trials are to be held in metropolitan court.

Furthermore, even if Defendant were correct that *Garza*'s new time frames do not apply in metropolitan court, we would nevertheless find no speedy trial violation. Regardless of whether *Garza*'s new time frames apply in the metropolitan court, its analysis of the speedy trial factors does, since this analysis did not depend on any district court rules. In our notice of proposed summary disposition, we explained that it appeared that in the metropolitan court, Defendant's assertions regarding actual prejudice were that he suffered stress regarding the pending charges and that his conditions of release did not permit him to consume alcohol. [RP 63] In Defendant's memorandum in opposition, he argues that he also had to take time off from his work to come and sit in court. [MIO 29] However, it does not appear that he preserved this

factual argument in the metropolitan court. [RP 63; MIO 29] Therefore, we analyze Defendant's claim based solely on the facts he relied upon in the metropolitan court.

When a period of delay is presumptively prejudicial, this acts as a triggering mechanism for an evaluation of the four speedy trial factors to determine whether the right has been violated. *Garza*, 2009-NMSC-038, ¶¶ 21, 23. These factors are: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) the actual prejudice to the defendant. *Id.* ¶ 13. In balancing these factors, a court will only find a speedy trial violation if a defendant has either shown (1) evidence of actual prejudice, or (2) that he asserted his right and the first two factors weigh so heavily against the State that he need not establish actual prejudice. *Id.* ¶ 39.

As we explained in our notice of proposed summary disposition, Defendant's claim of pretrial stress and the inability to drink alcohol was insufficient to establish actual prejudice. *See id.* ¶ 37 (noting that while the district court found "some actual prejudice in the form of restrictions imposed by pre-trial conditions of release and stress" there was no prejudice under a speedy trial analysis because the speedy trial right does not protect against "some non-particularized prejudice" even when the delay was presumptively prejudicial). Although Defendant does not actually argue under the facts of this case, he is not required to demonstrate actual prejudice, we note

4

that in *Garza*, our Supreme Court relied on a case in which there was a delay of eight and one-half years caused by the negligence of the government as an example of the sort of case in which a defendant need not show actual prejudice. *Id.* ¶ 38. Because Defendant has not demonstrated actual prejudice and because he does not argue that the facts of this case are sufficiently egregious to permit Defendant to overcome the general rule that a speedy trial claim fails if there is no showing of actual prejudice, we find no speedy trial violation.

**Judicial Bias**

Defendant contends that he was deprived of due process because the metropolitan court was biased against him. [DS 19] In our notice of proposed summary disposition, we noted that Defendant did not ask the metropolitan court judge to recuse himself, and we proposed to find no fundamental error. In Defendant's memorandum in opposition, he provides no new facts or authorities that would support this claim. Accordingly, where the basis of Defendant's claim of bias is based on a discretionary ruling that was adverse to him, we find no due process violation. *See State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) (stating bias must be of a personal nature, and that a claim of personal bias cannot be based on adverse rulings—such as the denial of a continuance—or enforcement of the rules); *Dawley v. La Puerta Architectural Antiques, Inc.*, 2003-NMCA-029, ¶ 39, 133 N.M.

389, 62 P.3d 1271 ("In order to be disqualifying, [a judge's] bias or prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (internal quotation marks and citation omitted)).

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**