This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                      **NO. 31,122**

**LARRY PEREA**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant-Appellant Larry Perea (Defendant) appeals his convictions for voluntary manslaughter and possession of a controlled substance. We issued a notice of proposed summary disposition, proposing to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised two issues. First, he contends that certain evidence relating to a storage unit was improperly admitted. [MIO 4-7] As we previously acknowledged, it appears in hindsight that the evidence in question should have been excluded. However, once it became clear that the State was unable to establish Defendant's connection to the storage unit, the district court issued a curative instruction. We previously posited that this rectified the situation. *See State v. Flanagan*, 111 N.M. 93, 95, 801 P.2d 675, 677 (Ct. App. 1990) ("The general rule in New Mexico is that error in admission of evidence is cured by striking the evidence and admonishing the jury to disregard it."); *State v. Newman*, 109 N.M. 263, 267, 784 P.2d 1006, 1010 (Ct. App. 1989) ("Generally, a prompt admonition from the court to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which might otherwise result."); *State v. Vialpando*, 93 N.M. 289, 296-97, 599 P.2d 1086, 1093-94 (Ct. App. 1979) ("New Mexico has frequently held

that a prompt admonition from the court to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which otherwise might result.") Similarly, we opined that nothing so extraordinary as the sua sponte declaration of a mistrial was required under the circumstances. *See generally Newman*, 109 N.M. at 267, 784 P.2d at 1010 (arriving at a similar conclusion).

In his memorandum in opposition Defendant contends that the evidence in question, involving the presence of ammunition in the storage unit, was so prejudicial that the curative instruction should not be regarded as an adequate response. [MIO 5-6] We disagree. The jury is presumed to have followed the district court's instructions. *See State v. Sellers*, 117 N.M. 644, 650, 875 P.2d 400, 406 (Ct. App. 1994) (stating that "[t]here is a presumption that the jury follows the instructions they are given"). We do not regard the evidence at issue as so prejudicial as to render this presumption inapplicable.

In his memorandum in opposition Defendant further suggests that the curative instruction was inadequate because it was not given immediately after the evidence was admitted. [MIO 5] Although we agree that such instructions should be promptly given, we disagree that such immediacy is required. Insofar as the district court

instructed the jury once it became apparent that the State was unable to make the requisite foundational showing, [DS 5] the admonition was sufficiently prompt.

Second, Defendant renews his contention that the charges should have been dismissed on grounds that Rule 5-604 NMRA (the six-month rule) was violated. [MIO 7-8] However, as we previously observed, Rule 5-604 has been withdrawn, such that the six-month rule became inapplicable to all cases pending as of May 12, 2010. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20.  Insofar as this case was pending in district court on that date, dismissal of the proceedings pursuant to Rule 5-604 would have been improper.

Accordingly, for the reasons previously stated, we affirm.

**IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**