This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,232**

**FLOYD POWELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

This case comes to us on remand from our earlier decision reversing the district court's denial of Defendant's motion to dismiss. Defendant had argued dismissal was required for violations of the six-month rule and his right to a speedy trial. Our Supreme Court has since clarified that the six-month rule no longer applies to pending cases. Accordingly, we now address Defendant's speedy trial argument.

Defendant was arraigned in magistrate court on December 5, 2007. On March 17, 2008, the State filed a nolle prosequi in magistrate court and refiled in district court the following day. On October 21, 2008, Defendant filed a motion to dismiss for violation of the six-month rule and his right to a speedy trial, arguing that his trial should have commenced on or before June 5, 2008. Defendant entered a conditional plea on October 22, 2008, reserving his right to appeal the denial of his motion to dismiss for violations of the six-month rule and his right to a speedy trial.

The district court denied Defendant's motion, and Defendant appealed. After the case had been briefed, our Supreme Court withdrew the six-month rule for all pending cases. *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20. Because we believed that this rule change only applied to cases pending in the district court at the time *Savedra* was filed, we applied the six-month rule to determine that the charges against Defendant should have been dismissed. Additionally, since we

decided the issue on the six-month rule, we did not address Defendant's speedy trial argument.

Our Supreme Court has since clarified the meaning of "pending" as used in *Savedra*. In *State v. Martinez*, the Court held that "*Savedra* applies to all pending cases that were not yet final as of May 12, 2010," regardless of which court they were pending in. *State v. Martinez*, 2011-NMSC-010, ¶¶ 10, 12, 149 N.M. 370, 249 P.3d 82. Our belief that *Savedra* did not apply to this case was therefore in error. Accordingly, our previous reversal in this case was remanded to us, and we now address Defendant's speedy trial claim. *See id.* ¶ 13.

Our Supreme Court has adopted the four-factor test from *Barker v. Wingo*, 407 U.S. 514 (1972), for determining whether a defendant's right to a speedy trial has been violated. The review of these factors is triggered by the length of delay involved. *See State v. Garza*, 2009-NMSC-038, ¶ 21, 146 N.M. 499, 212 P.3d 387. In *Garza*, our Supreme Court set forth a one-year time period as a guideline to trigger the presumption of prejudice for simple cases. *Id.* ¶ 48. This "guideline[] appl[ies] only to speedy trial motions to dismiss initiated on or after August 13, 2007." *Id.* ¶ 50. As the motion to dismiss in this case was filed on October 21, 2008, the one-year deadline applies. Because the delay in the instant case was only ten months, there is

3

no presumption of prejudice, and we need not examine the four factors to conclude that Defendant's right to a speedy trial was not violated.

For the foregoing reasons, we affirm the district court.

**IT IS SO ORDERED**.

                                     **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**LINDA M. VANZI, Judge**