This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellant,

v.                                     **NO. 29,509**

**DEBORAH PULITI,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

McGraw & Strickland, LLC
Mollie C. McGraw
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

This Court issued a fifth notice of proposed summary disposition proposing to affirm the district court's dismissal of the charges against Defendant in light of our Supreme Court's decisions in *State v. Martinez*, 2011-NMSC-010, 149 N.M. 370, 249 P.3d 82, and *State v. Episcopo*, No. 32,044, slip op. (N.M. Sup. Ct. Mar. 4, 2011), in accordance with the mandate issued by our Supreme Court. Based on the reasoning contained in our fifth notice of proposed disposition, we conclude (1) *State v. Savedra*'s, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20, abrogation of Rule 5-604 applies in this case, and (2) based on the inherent authority of the district court to control its docket and sanction the State for failing to respond to discovery requests, the district court's dismissal of the charges against Defendant should be affirmed.

The State has filed a memorandum in opposition to this Court's fifth notice of proposed disposition. The State takes issue with this Court distinguishing the facts of the present case from the relevant facts in *Episcopo*. [MIO 7] To the extent the State contends that *Episcopo* is not distinguishable, we disagree. In *Episcopo*, the Supreme Court pointed out that "the State had engaged in no dilatory behavior of any kind." *Id.* slip op. at 6. Here, the State concedes that the district court "relied upon its findings regarding the requests for witness interviews to reverse its ruling and find no good cause for the rule date extension." [MIO 10] As we stated in our fifth notice of proposed disposition, unlike *Episcopo*, "the State engaging in behavior that could

be construed as dilatory calls into question the district court's inherent authority to control its docket and sanction parties for their behavior." [Fifth CN 7-8]

To the extent the State points out that there are conceptual differences between "good cause" for an extension under the six-month rule and this Court's analysis of the district court's decision as within its inherent authority to control its docket and impose sanction for dilatory tactics, we are unpersuaded that our review of whether dismissal was within the district court's authority is inappropriate. Ultimately, the inquiry this Court is faced with is whether the district court erred in denying the State the relief it requested. *See In re Estate of Heeter,* 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct. App. 1992) ("On appeal, error will not be corrected if it will not change the result."); *State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant). Although the State points out that Defendant still has the remedy of a speedy trial claim, [MIO 13] *see Savedra*, 2010-NMSC-025, ¶ 8 (stating that a defendant may raise speedy trial violations after the case is refiled in district court), this is not the only mechanism for the district court to dismiss a case where the district court has found the State to have delayed the case by failing to respond to discovery requests.

Finally, to the extent the State relies on six-month rule cases to argue that it was

an abuse of discretion for the district court to deny it an extension, the State's argument is unavailing. This Court's fifth notice of proposed disposition does not rely on the now-withdrawn six-month rule in affirming the district court's dismissal. The State's reliance on six-month rule cases therefore fails to address the Court's analysis. Because we are unpersuaded that the State has demonstrated either error in law or in fact with this Court's fifth notice of proposed disposition, *see State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."), we affirm the district court's denial of the State's motion for an extension and the dismissal of the charges against Defendant.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**

4