This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner,

v.                                     **NO. 33,466**

**DEBORAH M. PULITI,**

Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Martha Anne Kelly, Assistant Attorney General
Santa Fe, NM

for Petitioner


McGraw & Strickland, L.L.C.
Margaret Strickland
Mollie C. McGraw
Las Cruces, NM

for Respondent

# DECISION

**Chávez, Justice.**

{1}     This matter came before the full Court on a petition for writ of certiorari to the New Mexico Court of Appeals to review its memorandum opinion affirming the district court's denial of the State's request for an extension of time within which to commence trial pursuant to Rule 5-604 NMRA.  The Justices have considered the briefs and the record on appeal and agree that there is no reasonable likelihood that a written decision or opinion will affect the disposition of this appeal or advance the law of the State.  Acting within this Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order or decision rather than formal opinion where the "issues presented have been previously decided" by the this Court, the Court enters this decision.

**PROCEEDINGS BELOW**

{2}     On May 29, 2008, Las Cruces Police Officer Amador Martinez filed a criminal complaint in Dona Ana County Magistrate Court charging Deborah Puliti with aggravated DWI, NMSA 1978, Section 66-8-102(D)(2) (2008) (amended 2010), and failure to use due care to avoid a collision, NMSA 1978, Section 66-7-301(B)(1) (2002).  On June 4, 2008, Puliti entered a plea of not guilty and waived arraignment. On August 14, 2008, Magistrate Judge Oscar Frietze scheduled a jury trial for October 22, 2008.  On September 11, 2008, the State, represented by an assistant district attorney, dismissed the case in Dona Ana County Magistrate Court.  The State had already filed a three-count criminal information against Puliti in the Third Judicial District Court on September 5, 2008, for the same occurrence that gave rise

to the magistrate court filing.

{3}     On November 25, 2008, the State filed a petition for extension of time within which to commence trial because the district court had not yet scheduled the trial and the time within which the trial was to commence under Rule 5-604 would expire on December 4, 2008.  A hearing on the petition for extension of time was held on December 3, 2008.  The district court granted a sixty-day extension and scheduled the case for a jury trial to take place on January 16, 2009.

{4}     Two days later on December 5, 2008, Puliti filed a motion to reconsider the extension of time, arguing that Magistrate Court Rule 6-506 applied and that the State had not shown good cause for an extension of time.  The district court agreed with Puliti, reconsidered its previous order, and—applying Rule 6-506—denied the State an extension of time within which to try the case and dismissed the complaint. Undeterred, the State filed a motion to reconsider the denial of the petition for an extension of time, arguing that the district court erred in applying Rule 6-506.  The district court agreed with the State that Rule 6-506 did not apply, but concluded that Rule 5-604 applied and, under the good cause provision of that rule, continued to deny the State an extension of time within which to try the case.

{5}     The Court of Appeals affirmed in a memorandum opinion, *State v. Puliti*, No. 29,509, slip op. at 1, 9 (N.M. Ct. App. Oct. 5, 2009).  We granted the State's petition for writ of certiorari on December 7, 2009, and held the appeal in abeyance pending our resolution of *State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.  On July 16, 2010, we quashed certiorari and remanded to the Court of Appeals for

3

consideration in light of our *Savedra* opinion. The Court of Appeals continued to affirm the district court in a memorandum opinion, *State v. Puliti*, No. 29,509, slip op. at 3, 8 (Ct. App. Dec. 16, 2010), opining that *Savedra* did not apply to Puliti's case, *id.* at 2. We granted the State's petition for writ of certiorari on January 27, 2011, but quashed certiorari on June 14, 2011, and remanded to the Court of Appeals for consideration in light of our opinion in *State v. Martinez*, 2011-NMSC-010, 149 N.M. 370, 249 P.3d 82.

{6} The Court of Appeals again affirmed the district court, holding that although Rule 5-604 did not apply to this case because it was abrogated in *Savedra*, the district court had the inherent authority to control its docket, and the State's delay in scheduling witness interviews justified dismissal of the case. *State v. Puliti*, No. 29,509, slip op. at 2-3 (N.M. Ct. App. Jan. 23, 2012). We granted the State's petition for writ of certiorari and the case was submitted on October 31, 2012. We reverse both the Court of Appeals and the district court and remand for proceedings consistent with this decision.

**DISCUSSION**

{7} In *Savedra*, we addressed the State's occasional practice of dismissing complaints filed by the State in magistrate court and refiling the same or similar charges in district court. *Savedra*, 2010-NMSC-025, ¶ 1. In that case we acknowledged that under New Mexico precedent, when the State initially files charges in magistrate court and then re-files the case in district court, the six-month rule in district court begins to run as of the time the defendant was arraigned in

4

magistrate court. *Id.* ¶ 5. We also recognized that Rule 5-604 had "become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial," and therefore chose to withdraw Rule 5-604 "for all cases pending" on the May 12, 2010 filing date of the *Savedra* opinion. *Id.* ¶ 9. In *Martinez* we clarified that "*Savedra* controls . . . all [cases] that were pending before any court at the time we issued our Opinion" in *Savedra*. *Martinez*, 2011-NMSC-010, ¶ 12.

{8} Puliti's case was pending in the appellate courts at the time we issued our opinion in *Savedra*. Therefore, Rule 5-604, as it existed at the time the district court dismissed the State's case, did not apply. Instead of applying Rule 5-604, *Savedra* required district courts to use constitutional speedy trial considerations when deciding motions for extensions of time. *Savedra*, 2010-NMSC-025, ¶¶ 5, 9. Although the district court could not have known that we would withdraw Rule 5-604 retroactively, the appropriate disposition of this case is to remand to the district court to decide the State's motion for extension of time by analyzing constitutional speedy trial considerations as articulated in *State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387.

{9} However, in a right-for-any-reason analysis, the Court of Appeals concluded that the district court could have dismissed the case because of the State's delay in scheduling witness interviews based on a "district court's inherent authority to control its docket and sanction parties for their behavior." *Puliti*, No. 29,509, slip op. at 2. We disagree with this analysis and conclusion because the district court was

never asked to exercise its inherent authority to dismiss this case due to the State's alleged delay in scheduling witness interviews. Such a request would have required a much different analysis than was argued by the parties and employed by the district court. We recently analyzed the factors to be considered when a court is considering sanctions for the delayed scheduling of witness interviews in *State v. Harper*, 2011-NMSC-044, ¶ 21, 150 N.M. 745, 266 P.3d 25.

{10}    In *Harper* the district court verbally instructed the attorneys to conduct all witness interviews by a certain date. When the district court learned that two witnesses had not been interviewed by the court-imposed deadline, the district court precluded the State from calling the two witnesses at trial. *Id.* ¶ 1. We reversed the district court because the record did not support a finding that the State acted in bad faith or completely blocked access to evidence and because the defendant did not prove that the delay in scheduling the witnesses prejudiced him. *Id.* ¶¶ 22, 24. We repeated a well-established principle of law, which is that the exclusion of witnesses, like the outright dismissal of a case, should not be imposed except in extreme cases, and only after an adequate hearing to determine the reasons for the delay and the prejudicial effect on the opposing party. *Id.* ¶ 21.

{11}    In this case, Puliti did not seek the sanction of dismissal alleging that the State acted in bad faith in delaying the scheduling of the witness interviews which resulted in tangible prejudice to her. Puliti's argument was simply that the State was not entitled to an extension of time to try the case because the State did not have good cause for an extension of the six-month rule. The district court's findings of fact and

6

conclusions of law were limited to the question of whether the State had demonstrated good cause for an extension of time.  The district court's findings cannot fairly be interpreted to mean that the district court found that the State acted in bad faith in delaying the scheduling of the witness interviews and that Puliti was prejudiced by the delay.

**CONCLUSION**

{12}    We therefore reverse the Court of Appeals, vacate the district court's order of dismissal, and remand this matter to the district court with instructions to conduct such further proceedings as are consistent with this decision.

{13}    **IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____

**PAUL J. KENNEDY, Justice**