This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41647**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellant,

v.

**DAWN CADMAN a/k/a DAWN K. CADMAN,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on the State's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse for the following reasons.

{2}     The State appeals a dismissal for violation of Defendant's right to a speedy trial on a first offense of aggravated driving while under the influence (DWI). [RP 61, 60, 14-17] In refiled concurrent jurisdiction cases such as this, Rule 5-604(B) NMRA provides five factors to be considered by the district court in connection with a defendant's right to a speedy trial. *State v. Radler*, 2019-NMCA-052, ¶¶ 7-10, 448 P.3d 613. On appeal, "we defer to the district court's factual findings concerning each factor as long as they are supported by substantial evidence," and review the district court's application of law de novo. *Id.* ¶ 14 (internal quotation marks and citation omitted).

{3}     Here, the only factor in contention is the extent of prejudice to Defendant resulting from delay, as the parties do not contest the district court's findings on any other factors. [BIC 7, 13-17; AB 8] Because, on balance, those other factors do not weigh heavily in Defendant's favor, she must "show particularized prejudice in order to prove [her right to a] speedy trial was violated." *State v. Wood*, 2022-NMCA-009, ¶ 21, 504 P.3d 579. The State argues that Defendant failed to demonstrate the requisite particularized prejudice, while Defendant contends that we should defer to the district court's findings to the contrary. [BIC 7, 13-17; AB 8] In determining "whether [a d]efendant has suffered prejudice from the delay in bringing [their] case to trial, we analyze three interests that are affected by the right to a speedy trial: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *State v. Serros*, 2016-NMSC-008, ¶ 84, 366 P.3d 1121 (internal quotation marks and citation omitted). Our analysis focuses on the second of these interests, as there is no indication that Defendant's incarceration on the day of her arrest could constitute oppressive pretrial incarceration, [BIC 14] nor is there indication or argument by Defendant that her defense was impaired in any relevant manner. *See id.* ¶ 85 (explaining that the third interest aims to protect "the defendant's ability to assert an adequate defense at trial from the prejudicial effect of the passage of time, such as the death or disappearance of a witness or the loss of memory"). "Defendant bears the burden of demonstrating and substantiating prejudice." *State v. Parrish*, 2011-NMCA-033, ¶ 32, 149 N.M. 506, 252 P.3d 730.

{4}     In analyzing whether Defendant suffered prejudice due to anxiety or concern resulting from delay, we seek to determine whether the anxiety suffered is undue. *See State v. Spearman*, 2012-NMSC-023, ¶¶ 36-37, 283 P.3d 272 (observing that pretrial incarceration and anxiety and concern are often intertwined, but that they need not be, recognizing the disruption and restraints on liberty that simply being an accused can entail); *see also State v. Ochoa*, 2017-NMSC-031, ¶ 51, 406 P.3d 505 (explaining that "some degree of oppression and anxiety is inherent," and we therefore "weigh this factor in the defendant's favor only where the pretrial incarceration or anxiety suffered is undue" (internal quotation marks and citation omitted)). In its dismissal order, the district court found that the potential revocation of Defendant's driver's license and the ramifications thereof constituted "uncertainty . . . above the ordinary worries of any

criminal defendant pending trial." [RP 60] This finding, however, was unsupported by any evidence or testimony as Defendant did not offer affidavits, testimony, or documentation of her specific circumstances to support a determination that she was prejudiced by the delay. [BIC 5, RB 5] *See Spearman*, 2012-NMSC-023, ¶ 39. Further, in contrast to its ultimate ruling, the district court stated that Defendant did not appear to have suffered particularized prejudice as she had not been incarcerated during the pendency of proceedings and she had not suffered the loss of her driving privileges, employment, or personal relationships. [BIC 6-7]

**{5}** Although we may presume that Defendant suffered some degree of anxiety and concern as a result of the charges against her, *id.* ¶¶ 36-37, under these circumstances and without some form of affirmative proof supporting Defendant's assertions of anxiety and concern caused by the hypothetical future revocation of her license, we decline to speculate as to whether any resulting prejudice was undue. *See Radler*, 2019-NMCA-052, ¶ 23 (declining to speculate as to defendant's "nebulous" claim that his loss of a potential future employment opportunity constituted prejudice). As to Defendant's contention that we should defer to the district court's finding of particularized prejudice, we emphasize that the inquiry under a substantial evidence standard is whether a reasonable mind might accept the relevant evidence to support a given conclusion. *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661, *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880; *Radler*, 2019-NMCA-052, ¶ 23. In this case, we cannot say that substantial evidence—or any evidence—of particularized prejudice supports the district court's dismissal order. For these reasons, we conclude that Defendant failed to establish particularized prejudice resulting from delay and the district court erred in finding otherwise and dismissing on such basis.

**{6}** We note that Defendant's answer brief focuses on challenging the State's "policies" regarding the dismissal and refiling of cases originating in courts of limited jurisdiction under Rule 5-604(B), claiming that the Rule gives the State "carte blanche to file, dismiss, and refile cases for any reason," presenting a separation of powers issue and violating a defendant's right to a jury trial. [AB 3-7] Defendant further contends that appellate courts should examine the State's refilings pursuant to Rule 5-604 for bad faith. [AB 7] We are unpersuaded.

**{7}** Nothing in the briefing or record indicates that the State failed to comply with the procedures set forth in Rule 5-604(B), and to the extent Defendant challenges the propriety or constitutionality of the rule, itself, this Court is bound by the directly controlling precedents of our Supreme Court. *State v. Mares*, 2024-NMSC-002, ¶ 31, 543 P.3d 1198. The rule at issue here was explicitly promulgated to codify the holding in *State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20. *See* Rule 5-604 comm. cmt. Further, although Defendant asserts that the dismissal of her case in magistrate court and subsequent refiling in district court effectively violated her right to a jury trial, [AB 4-5] a jury trial is only constitutionally mandated when the potential term of incarceration exceeds six months. *See State v. Sanchez*, 1990-NMSC-012, ¶ 22, 109 N.M. 428, 786 P.2d 42 (Baca, J., dissenting). Conviction of a first offense of aggravated

DWI is punishable by "imprisonment for not more than ninety days." NMSA 1978, § 66-8-102(E) (2016). Lastly, New Mexico courts no longer conduct "good faith-bad faith" analyses when the State dismisses and refiles a case. *Savedra*, 2010-NMSC-025, ¶ 8 (internal quotation marks omitted). "Instead, any inquiry into the [s]tate's reasons for dismissing and refiling in district court should be done within the context of any speedy trial challenge the defendant may raise after the case is refiled in district court." *Id.* ¶ 8.

**{8}** Based on the foregoing, we reverse the ruling of the district court and remand for reinstatement of the criminal charge against Defendant and for further proceedings consistent with this opinion.

**{9}     IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**