This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41510**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FRANK GUERRERO,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemary Cosgrove-Aguilar, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Benjamin L. Lammons, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Associate Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant appeals a conviction by a metropolitan court jury for driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(C)(1) (2016). Criminal cases in the metropolitan court must be brought to trial within 182 days of the latest event listed in Rule 7-506(B) NMRA (2017)[1] (the 182-day rule). We refer to the date on

---

1The 2017 iteration of Rule 7-506(C) was in effect at the time of the metropolitan court's ruling, and amendments were made to the rule in 2023 and 2024. *See* Rule 7-506 ann. (noting that the 2023 amendment was "effective December 31, 2023" and the 2024 amendment to Rule 7-506(C) was

which the 182-day rule period expires as the rule date. The issue in the present appeal involves the metropolitan court extending the time for trial past the rule date based "upon withdrawal of a plea or rejection of a plea" under Rule 7-506(C)(4) (2017). The metropolitan court rejected Defendant's argument that Rule 7-506(C)(4) (2017) allowed the metropolitan court to extend the time for trial only when the metropolitan court rejected a plea or the defendant withdrew a plea and not when a defendant did not accept a plea offer from the State, as happened here. Based on the plain language of Rule 7-506(C)(4) (2017), read in conjunction with Rule 7-502 NMRA (governing "[p]leas and plea agreements" in the metropolitan courts), we agree with Defendant and reverse Defendant's conviction because the trial was not held within the 182-day rule period.

**BACKGROUND**

**{2}** On March 6, 2022, Defendant was charged in metropolitan court with aggravated DWI. Asserting that a "necessary witness is presently unavailable," the State dismissed the charges without prejudice on June 27, 2022, and when the criminal complaint was refiled on April 20, 2023, the State noted that the 182-day rule period would expire on June 28, 2023. At a status conference held on June 5, 2023, the metropolitan court inquired about plea negotiations. Defendant represented that no plea offer had been received. The metropolitan court directed the State to "get a plea offer over" to Defendant, calculated that the rule date was July 19, 2023, and indicated that the matter would be set for a plea hearing in four weeks. The metropolitan court noted, "If the plea is rejected, we'll set it for trial and if the plea is not rejected, we'll take the plea."

**{3}** At the plea conference on July 11, 2023, Defendant disputed the metropolitan court's prior calculation of a July 19, 2023 rule date. The metropolitan court explained that even if Defendant's calculation of a July 13, 2023 rule date were correct, it was not possible to set a trial in time if Defendant did not accept a plea offer and stated, "The decision for [Defendant] today is to accept the plea or we can set it for trial and using the metropolitan court rule add sixty days" to the rule date, referring to Rule 7-506(C)(4) (2017). Defendant informed the metropolitan court that he wished for the matter to be set for trial. The metropolitan court accepted Defendant's calculation of the rule date and added sixty days.

**{4}** On July 26, 2023, Defendant filed a motion to dismiss and argued that the extension of time to the rule date was not permissible under Rule 7-506(C)(4) (2017), the rule date had passed, and the charges should therefore be dismissed. *See* Rule 7-506(E)(2) (2017) ("In the event the trial of any person does not commence within the time limits provided in this rule, including any court-ordered extensions, the case shall be dismissed with prejudice."). After a hearing, the metropolitan court denied the motion and set the case to proceed to trial. At trial, the jury acquitted Defendant of aggravated DWI but found him guilty of the lesser included offense of DWI. *See State v. Notah-Hunter*, 2005-NMCA-074, ¶¶ 21-22, 137 N.M. 597, 113 P.3d 867 (explaining that a

"effective December 31, 2024"). While the 2023 amendments do not impact the issues on appeal, the 2024 amendments to Rule 7-506(C) are relevant to our analysis.

defendant may be convicted of the lesser included offense of DWI, even if only aggravated DWI was charged). Defendant appeals.

## DISCUSSION

**{5}** As we have noted, the parties dispute whether under Rule 7-506(C)(4) (2017), an extension of the rule date was justified when Defendant declined the State's plea offer. We review the metropolitan court's interpretation of Rule 7-506(C)(4) (2017) de novo. *See State v. Lopez*, 2023-NMSC-011, ¶ 8, 529 P.3d 893. "We interpret our rules of procedure by seeking to determine the underlying intent of the enacting authority." *Id.* ¶ 10 (internal quotation marks and citation omitted). Appellate courts examine "the plain language of the rule, as well as the context in which it was promulgated, including the history of the rule and the object and purpose." *Id.* (internal quotation marks and citation omitted). We begin with the language of the rule.

**{6}** Rule 7-506(C)(4) (2017) allowed the metropolitan court to extend the rule date "upon withdrawal of a plea or rejection of a plea for a period of up to sixty (60) days." Rule 7-506(C)(4) (2017) left undefined, however, who—the defendant, the metropolitan court, or both—must withdraw a plea or reject a plea, which is the question central to this appeal. *See Swink v. Fingado*, 1993-NMSC-013, ¶ 29, 115 N.M. 275, 850 P.2d 978 (noting that "silence is at best a tenuous guide" to determining intent). As a result, in order to determine its meaning and the intent of the enacting body, we consider the parties' arguments relating the language of Rule 7-506(C)(4) (2017) to other rules, authority, and subsequent amendments. *See Lopez*, 2023-NMSC-011, ¶¶ 10-17 (construing the plain language of a rule according to the meaning of the words used and other "rules and case law," in addition to "the rule in its entirety" and its history and amendments).

**{7}** To give meaning to the plain language of the rule, Defendant points to: (1) the 2024 amendment to Rule 7-506(C)(4) (the 2024 amendment); and (2) the provisions of Rule 7-502.[2] The 2024 amendment created two separate subsections. Rule 7-506(C)(4) now addresses only extensions of the rule date based "on withdrawal of a plea by a defendant" and Rule 7-506(C)(5) permits an extension "on rejection of a plea by the court." The State contends that Defendant "truly," and incorrectly, seeks retroactive application of the 2024 amendment. We need not settle this disagreement. In the 2017, 2023, and 2024 iterations of Rule 7-506, as Defendant notes, the compiler cross-referenced Rule 7-502 in the annotations. *See* Rule 7-506 ann. ("For procedure [for]

---

2Defendant additionally directs our attention to authority construing the former district court 182-day provision, Rule 5-604 NMRA (2009), and cites *State v. Eskridge*, 1997-NMCA-106, ¶ 9, 124 N.M. 227, 947 P.2d 502. In *Eskridge*, the Court held that "if a plea agreement is reached before the six-month-period expires, then the six-month-period begins anew if the agreement is later rejected by the [district c]ourt." *Id.* The district court rule has been withdrawn for more than a decade, *see State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20, and when it was in effect, the rule included within the events that started the calculation of the rule date, "the date the court allows the withdrawal of a plea or the rejection of a plea." *See* Rule 5-604(B)(8) (2009). The metropolitan court counterpart to the district court rule did not include such language at the relevant time. *See* Rule 7-506(A) (2017). We therefore agree with the State that *Eskridge* and the former district court rule are of little assistance.

withdrawal of a plea by the defendant or rejection [of] plea by the court, *see* Rule 7-502.*"). As we explain, the language of Rule 7-506(C)(4) (2017) was given context and meaning by the procedures described in Rule 7-502.

**{8}** We therefore look to the language of Rule 7-502 to guide our understanding of the plain meaning of Rule 7-506(C)(4) (2017). *See State v. Cooley*, 2023-NMCA-089, ¶ 17, 538 P.3d 491 (observing that this Court does not view statutory "language in isolation, but rather as a whole along with other statutes on the same subject matter"); *see also Lopez*, 2023-NMSC-011, ¶ 10 (noting that in "construing our procedural rules," appellate courts "use the same rules of construction applicable to the interpretation of statutes" (internal quotation marks and citation omitted)). As we have stated, the parties' arguments require us to decide whether the intent behind Rule 7-506(C)(4) (2017) was for the rule date to be extended when a plea was withdrawn or rejected by the metropolitan court, the defendant, or both—that is, to decide who the intended actor was to carry out either action. The procedures for entering or withdrawing plea agreements are set forth in Rule 7-502 and those procedures demonstrate that Rule 7-506(C)(4) (2017) was intended, in its few words, to allow extension of the rule date on the defendant's "withdrawal of a plea" or the metropolitan court's "rejection of a plea." *See* Rule 7-506(C)(4) (2017). We explain.

**{9}** Rule 7-502 contemplates that a defendant, and not the metropolitan court, withdraws a plea. Rule 7-502 states that a defendant may (1) enter a plea, Rule 7-502(A); (2) agree to a plea in exchange for a benefit from the state, Rule 7-502(D)(2); or (3) withdraw a plea, Rule 7-502(D)(4). *See also Plea*, *Black's Law Dictionary* (12th ed. 2024) ("An accused person's formal response of 'guilty,' 'not guilty,' 'or no contest' to a criminal charge."). Rule 7-502 does not permit the metropolitan court to withdraw a plea. Instead, if the metropolitan court "finds the provisions of the agreement unacceptable," under Rule 7-502(D)(4), in some circumstances, the metropolitan court must "*allow* the withdrawal of the plea" by the defendant, which then voids the plea agreement. (Emphasis added.) Rule 7-502 does not use the Rule 7-506(C)(4) (2017) term "withdrawal of a plea" in reference to any action of the metropolitan court, only to actions taken by the defendant. Thus, the procedures described in Rule 7-502 support a conclusion that for the purposes of Rule 7-506(C)(4) (2017), the rule date may be extended if the defendant withdraws a plea. But Rule 7-502 counsels the opposite conclusion in relation to the "rejection of a plea" by the metropolitan court. *See* Rule 7-506(C)(4) (2017).

**{10}** Just as Rule 7-502 does not use the Rule 7-506(C)(4) (2017) term "withdrawal of a plea" to refer to action taken by the metropolitan court, it does not use the Rule 7-506(C)(4) (2017) term "rejection of a plea" to refer to the actions that a defendant may take. As we have noted, a defendant may "enter" a plea, Rule 7-502(A), "engage in discussions" about a plea offer, Rule 7-502(D)(1), or under some circumstances, "withdraw[] a plea," Rule 7-502(D)(4), (6). When declining an offer by the state to enter into a plea agreement, the defendant does not "reject[] a plea," as was contemplated by Rule 7-506(C)(4) (2017) but instead declines to enter "into an agreement with the state to plead guilty," *see State v. Taylor*, 1988-NMSC-023, ¶ 23, 107 N.M. 66, 752 P.2d 781,

*overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, ¶ 28, 108 N.M. 722, 779 P.2d 99. Rule 7-502(D)(6) addresses the admissibility of plea offers as evidence but does not use the term "rejection of a plea" to refer to a defendant's action.

**{11}** Rule 7-502 does, however, address the metropolitan court's action. Rule 7-502 uses the terms "accept" and "reject" in relation to pleas and plea agreements. Specifically, the metropolitan court shall not accept a guilty or no contest plea by a defendant, unless certain requirements are met. Rule 7-502(B), (C). The metropolitan court may also "accept or reject" a plea agreement under Rule 7-502(D)(2). Although Rule 7-502(D)(2) uses the term "accept or reject the [plea] agreement" and Rule 7-506(C)(4) (2017) used the phrase "the rejection of a plea" without reference to any agreement, Rule 7-502(D)(2) is the only reference in Rule 7-502 to anything resembling the language in Rule 7-506(C)(4) (2017), "the rejection of a plea." As a result, because Rule 7-502 does not contemplate that a defendant will reject a plea and does contemplate that the metropolitan court will either not accept a particular plea under Rule 7-502(B) or accept or reject a plea agreement under Rule 7-502(D), we conclude that the provisions of Rule 7-502 support a conclusion that under Rule 7-506(C)(4) (2017), the rule date could be extended only if the metropolitan court rejected a defendant's plea of guilty or no contest.

**{12}** The State contends that this conclusion is unwarranted based on the plain language analysis that was modeled by our Supreme Court in *Lopez*. The issue in *Lopez* was whether a metropolitan court rule tolling provision applied "to cases that are dismissed without prejudice by the court in addition to cases voluntarily dismissed by the prosecution." 2023-NMSC-011, ¶ 1. Ultimately, our Supreme Court concluded that the plain language of the rule at issue "applies equally to dismissals without prejudice ordered by the metropolitan court as it does to dismissals filed by the prosecution." *Id.* ¶ 20. The State contends that "proper" application of "the plain meaning rule," as in *Lopez*, would avoid "add[ing] language that is not there" and would result in affirmance of the metropolitan court's rule date extension. We agree that the plain meaning analysis modeled by our Supreme Court in *Lopez* is the proper method to resolve the matter, but we disagree with the State's evaluation of the outcome.

**{13}** The factors that impacted the plain meaning analysis in *Lopez* are different than those in the present case. In *Lopez*, the task for the Court was to determine whether the phrase "dismissed without prejudice" in Rule 7-506.1(D) NMRA was limited to "cases voluntarily dismissed by the prosecution" without prejudice, or whether the rule also included cases "dismissed without prejudice by the court." *Lopez*, 2023-NMSC-011, ¶¶ 1, 22. To resolve the matter, the *Lopez* Court studied definitions, other rules, cases, other provisions of the same rule, and historical and subsequent amendments, and considered the implications of the parties' different constructions of the rule. *Id.* ¶¶ 11-19. Based on these multiple sources, our Supreme Court concluded that the phrase "dismissed without prejudice" included two kinds of dismissals without prejudice, those by the court and those by the prosecution. *Id.* ¶¶ 19, 20. Like the *Lopez* Court, we have considered the meaning of the language used in Rule 7-506(C)(4) (2017) according to

the legal sources that the parties have cited—in the present case, Rule 7-502. Unlike in *Lopez*, this source does not support a conclusion that the phrase "withdrawal of a plea or rejection of plea" means such an action by either the metropolitan court or the defendant. Instead, Rule 7-502 supports our conclusion that the plain language of Rule 7-506(C)(4) (2017) meant that a rule extension was allowed when a defendant withdraws a plea or the metropolitan court rejects a plea.

**{14}** This conclusion does not impermissibly "add" language to Rule 7-506(C)(4) (2017), as the State argues. Specifically, the State maintains that to avoid the "plain language" of Rule 7-506(C)(4) (2017), language would have to be added "prohibiting the metropolitan court from extending the 182-day deadline where a *defendant* rejects a plea *agreement*." Rule 7-506(C) (2017), however, set forth exceptions to the general rule that a case must be tried within 182 days of certain listed events. *See* Rule 7-506(A). Rather than requiring the rule to identify both circumstances in which an extension to the rule date is permitted and prohibited, as the State contends, Rule 7-506(C)(4) (2017) more naturally permitted extension of the rule date under the listed circumstances and otherwise prohibited extensions. *See* Rule 7-104(B)(2) NMRA (providing generally for extensions of time but specifically prohibiting extensions of time for "the commencement of trial . . . except as otherwise provided in these rules"). We have not added language to the rule but have instead applied the plain meaning analysis modeled in *Lopez* to determine that the language of Rule 7-506(C)(4) (2017) was given meaning by the procedures and terms used in Rule 7-502.

## CONCLUSION

**{15}** Under these circumstances, because Defendant's trial did not commence within the rule date and an extension of time was not justified under Rule 7-506(C)(4) (2017), we reverse Defendant's conviction. *See* Rule 7-506(E) (2017). We emphasize that this result is warranted because Defendant did not waive the protections of the 182-day rule, *see* Rule 7-506(C)(1) (permitting waiver of the rule date), and preserved the arguments raised on appeal about the plain meaning of Rule 7-506(C)(4) (2017), *see* Rule 12-321(A) NMRA (requiring that to preserve an issue for appeal, "it must appear that a ruling or decision by the trial court was fairly invoked").

**{16} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**