This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. A-1-CA-37482**

**FRANK LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Frank Lucero
Roswell, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**     Defendant appeals from the judgment and sentence convicting him of, among other charges, driving with a suspended licence. We entered a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect and, for the reasons that follow, we affirm the district court.

**{2}**     Defendant continues to argue that the State violated Rule 5-604(A) NMRA, and points to this Court's failure to rule on the mandatory nature of the rule. [MIO 1-2] In particular, Defendant references the part of the rule that states: "For cases of concurrent trial jurisdiction originally filed in the magistrate, metropolitan, or municipal court that are subsequently dismissed and refiled in the district court, the initiatory pleading in the

district court shall state in the caption that it is a refiled case and shall state" certain information listed therein. Rule 5-604(A). Our calendar notice suggested that even if there was a violation, any remedy was by way of a speedy trial challenge and it did not appear Defendant raised such a challenge in district court. [CN 1-2] In response, Defendant does not point to any error in fact or law with the proposed disposition, but asserts that the proposed disposition sends a signal to the State that it can choose to neither substantially nor strictly comply with the mandatory requirement of the rule. [MIO 1] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374.

**{3}** Defendant seeks reversal as a remedy for the State's failure to follow Rule 5-604(A). However, Defendant cites to no authority for his contention that dismissal is the proper remedy, and we are aware of none. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). To the contrary, it is established law that since the withdrawal of the six-month rule in district court, a defendant's remedy for any violation of Rule 5-604(A) is through a speedy trial claim. *See State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20 (withdrawing the six-month rule in district court and determining that "[i]n its place, [the] defendants may rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause"). To the extent Defendant argues that the speedy trial provisions in Subsection B of the rule are independent of, and inapplicable to, the directives in Subsection A, we disagree. We adhere to the Supreme Court's holding that "any inquiry into the [s]tate's reasons for dismissing and refiling in district court should be done within the context of any speedy trial challenge the defendant may raise after the case is refiled in district court." *Id.* ¶ 8.

**{4}** Moreover, Defendant does not point to evidence in the record to indicate that the State's dismissal in magistrate court and refiling in district court was done to circumvent the six-month rule. In fact, it appears that in denying Defendant's motion to dismiss, the district court found that the State did not exercise bad faith—the State dismissed the charges and refiled in district court in order to obtain a court of record, and the delay was minimal. [1 RP 205] It further appears that the district court's order expressly found that "[t]aking all the factors in Rule 5-604(B) into account, the [c]ourt finds that Defendant's right to a speedy trial has not been violated." [2 RP 314]

**{5}** Defendant also continues to challenge the sufficiency of the evidence to support his conviction for driving while his license was suspended on the basis that he lacked knowledge of the withdrawal of his driving privileges. *See* NMSA 1978, § 66-5-39 (2013) (requiring proof that one "knows or should have known that the person's license was suspended"). Defendant asserts that the proposed disposition does not follow case law requiring that notice must be given by MVD to a license holder prior to the suspension of their license, and notice cannot be had with presentation of the officer issued citation

years later. [MIO 3] Our notice suggested that there was evidence in the record to support the conclusion that Defendant knew about the withdrawal of his driving privileges, as evidenced by the properly admitted motor vehicle department document packet—which included the citation and notice of withdrawal of driving privileges—that Defendant acknowledged receiving prior to the action. [CN 3-5] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that we disregard all evidence and inferences that support a different result). Defendant essentially repeats the same argument but does not dispute the evidence in the record relied upon in the proposed disposition. *See Mondragon*, 1988-NMCA-027, ¶ 10 (stating that the repetition of earlier arguments does not fulfill the requirements of memorandum in opposition). Consequently, we affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error).

**{6}** For these reasons, and those stated in the notice of proposed disposition, we affirm the district court.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**