**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2019-NMCA-052

Filing Date: June 24, 2019

No. A-1-CA-36233

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JASON RADLER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Kevin R. Sweazea, District Judge**

Released for Publication September 24, 2019.

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Jason M. Alarid
Albuquerque, NM

for Appellee

**OPINION**

**ATTREP, Judge.**

**{1}**     In this refiled concurrent jurisdiction case, Defendant Jason Radler moved to dismiss, alleging a violation of his constitutional right to a speedy trial. Eight months after the charge was originally filed in magistrate court and five months after the charge was dismissed and then refiled in district court, the district court granted Defendant's motion. The State appealed. We reverse.

**BACKGROUND**

**{2}** The State charged Defendant in magistrate court with aggravated driving under the influence of intoxicating liquor, in violation of NMSA 1978, Section 66-8-102(D)(1) (2010, amended 2016). After spending three days in jail, Defendant was arraigned on March 28, 2016, and released on bond. On April 11, counsel for Defendant entered an appearance and made a pro forma demand for speedy trial. On June 27, the State dismissed the magistrate court case and refiled the charge in district court. The district court set trial for December 19.

**{3}** On November 4, Defendant moved to dismiss. He contended that, because his trial had not commenced before the expiration of the 182-day period that would have governed his case in magistrate court, his right to a speedy trial had been violated and Rule 5-604(B) NMRA (the rule governing the commencement of trials in refiled concurrent jurisdiction cases) contemplated dismissal. The State responded by observing that Rule 5-604(B) sets out familiar factors from our speedy trial case law—i.e., the length of delay, the reasons for delay, the defendant's assertion of the right, and the prejudice to the defendant from the delay. *See State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387. With respect to the length of delay, the State noted our Supreme Court in *Garza* had adopted "one year as a benchmark for determining when a simple case may become presumptively prejudicial." *Id.* ¶ 48. The State contended that benchmark constitutes a kind of threshold, and if a defendant cannot establish a delay exceeding the benchmark, the district court need not even consider the other factors set forth in the case law and the rule. Defendant's case had been pending just eight months since the original filing in magistrate court, and the State thus argued his motion should be denied for failure to establish delay exceeding the *Garza* benchmark.

**{4}** The district court heard argument on Defendant's motion in November 2016. Defendant presented testimony at the hearing, without objection from the State, regarding potential prejudice he had suffered. Defendant explained he had been "offered an opportunity to apply to the academy at Los Alamos County Fire Department" (the Department), but he did not apply because of his pending case. He noted the application window had recently closed, and thus he had missed the opportunity. The State did not cross-examine Defendant.

**{5}** The district court observed the delay was "not excessive," but concluded it nonetheless weighed against the State because it extended beyond the period that would have governed in magistrate court. The court added that the State's reasons for dismissing and refiling the case were permissible, and thus the reason for delay factor weighed in the State's favor. Finally, the court observed Defendant had introduced evidence of prejudice, which the State had not countered, and thus the prejudice factor weighed against the State. The district court concluded Defendant's trial had been impermissibly delayed and granted Defendant's motion to dismiss. After a motion for reconsideration and additional argument, the court entered an order dismissing Defendant's charge, finding "the [m]agistrate [c]ourt trial should have been commenced [80 days before the scheduled district court trial and that] Defendant suffered actual prejudice[,]" and concluding the speedy trial factors weighed in favor of Defendant.

**DISCUSSION**

**{6}**      The State reiterates on appeal that the district court erred in even considering Defendant's motion, maintaining the speedy trial factors are only to be weighed once a defendant has established delay exceeding *Garza*'s twelve-month benchmark. Alternatively, the State contends a proper weighing of the factors compels reversal. Defendant responds that Rule 5-604 contemplates consideration of a claimed speedy trial violation even before a case has been pending twelve months. He adds that he established actual prejudice, obviating any need to cross the presumptively prejudicial benchmark described in *Garza*. He further contends the district court correctly weighed the speedy trial factors and properly dismissed the case. Prior to addressing the parties' arguments, we briefly examine the applicable law relating to speedy trial and Rule 5-604.

**I.      Applicable Law**

**A.      Speedy Trial**

**{7}**      In determining whether a defendant has been deprived of the right to a speedy trial, we analyze the four-factor balancing test set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of delay in bringing the case to trial, (2) the reasons for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant caused by the delay." *State v. Serros*, 2016-NMSC-008, ¶ 5, 366 P.3d 1121. Our Supreme Court in *Garza* established new guidelines as to when, generally, delays should be characterized as presumptively prejudicial and require scrutiny of the *Barker* factors. *Garza*, 2009-NMSC-038, ¶¶ 47-48 (adopting guidelines of twelve months for simple cases, fifteen months for cases of intermediate complexity, and eighteen months for complex cases). At the same time, the *Garza* Court was careful to note the new guidelines are to be treated as merely guidelines, not rules, and "will not preclude [a] defendant from bringing a motion for a speedy trial violation though the delay may be less than one year." *Id.* ¶ 49. As a specific illustration of that proposition, *Garza* emphasized a defendant might bring a speedy trial motion even before the relevant presumptive period has passed where the defendant can establish actual prejudice resulting from delay. *Id.*

**B.      Elimination of the Six-Month Rule and Resulting Revisions to Rule 5-604**

**{8}**      In the past, our Supreme Court used the "six-month rule" in both limited jurisdiction courts and district courts to "provide the courts and the parties with a rudimentary warning of when speedy trial problems may arise." *Garza*, 2009-NMSC-038, ¶¶ 43, 46 (internal quotation marks and citation omitted). The six-month rule "requir[ed] the commencement of trial in a criminal proceeding within six months of the latest of several different triggering events." *Id.* ¶ 43 (internal quotation marks and citation omitted); *see also* Rule 5-604(B) NMRA (2009) (previous six-month rule applicable to district courts); Rule 6-506 NMRA (current six-month rule still applicable to magistrate courts). There was no rule, however, providing guidance as to how the six-

month rules should apply in refiled concurrent jurisdiction cases—i.e., where a case initially filed in magistrate court is later dismissed and then refiled in district court. *State v. Savedra*, 2010-NMSC-025, ¶ 2, 148 N.M. 301, 236 P.3d 20.

**{9}** In *Savedra*, our Supreme Court examined earlier case law attempting to interpret the rules in this context and expressed dissatisfaction with the focus those cases gave to the propriety of the State's justification for dismissing and refiling. *Id.* ¶¶ 7-8. The Court determined that in district courts, "the six-month rule ha[d] become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial" and withdrew the district court rule. *Id.* ¶ 9. The Court directed instead that "defendants may rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause." *Id.* Notably, the Court made no explicit reference to periods of presumptively prejudicial delay as thresholds for these challenges, and instead cited *Garza* for its provision of new "time frames" guiding a district court's speedy trial analysis. *Savedra*, 2010-NMSC-025, ¶ 8.

**{10}** In response to *Savedra*, Rule 5-604 was amended to eliminate the six-month rule in district court. The new rule applies only to refiled concurrent jurisdiction cases. *See* Rule 5-604(A). For these cases, the rule provides:

> If the district court does not initially schedule a refiled case within the trial deadline that would have been applicable had the case remained in the lower court, or if the court grants a continuance beyond that deadline, the defendant may move that the court consider whether the case should be dismissed for violation of the defendant's right to speedy trial, taking into consideration the following factors:
>
> (1)     the complexity of the case;
>
> (2)     the length of the delay in bringing the defendant to trial;
>
> (3)     the reason for the delay in bringing the defendant to trial;
>
> (4)     whether the defendant has asserted the right to a speedy trial or has acquiesced in some or all of the delay; and
>
> (5)     the extent of prejudice, if any, from the delay.
>
> This paragraph does not prohibit a defendant from filing a motion to dismiss for violation of the right to a speedy trial even if a trial is scheduled within the trial deadline that would have been applicable had the case remained in the lower court.

Rule 5-604(B).

**{11}** Several features of the revision are noteworthy. The factors set forth in Rule 5-604(B) mirror the *Barker* factors. *See Garza*, 2009-NMSC-038, ¶ 13. Their inclusion is consistent with *Savedra*'s command that evaluation of the propriety of the state's dismissal and refiling "should be done within the context" of the standard speedy trial challenge a defendant might raise in district court. *See Savedra*, 2010-NMSC-025, ¶ 8. Perhaps more importantly, this rule establishes no specific periods of delay as thresholds to be crossed before a defendant in a refiled case might bring a challenge. The text instead provides that whenever a district court fails to schedule trial within the originally applicable six-month period, the defendant may move for consideration of a speedy trial violation—with no limitation on when that motion might occur. *See* Rule 5-604(B). Even where the district court does schedule trial within the originally applicable six-month period, the rule adds that the defendant is not prohibited from asserting a violation. *Id.* These provisions arise from *Savedra*'s directive that defendants in these refiled cases may assert a right to speedy trial "whenever they believe impermissible delay has occurred." 2010-NMSC-025, ¶ 9.

## II.  It Was Not Error for the District Court to Consider the Merits of Defendant's Motion to Dismiss

**{12}** We review de novo the threshold issue of whether the district court erred in considering Defendant's motion to dismiss prior to passage of the presumptively prejudicial period of delay. *See State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824 ("We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of this case."). The text of Rule 5-604(B), coupled with the guidance giving rise to the rule in *Savedra*, dispose of the State's contention that the district court was precluded from considering Defendant's motion before the *Garza* twelve-month benchmark had been met. Regardless when a challenge may be brought in cases originating in district court, the language of the rule makes clear that for refiled concurrent jurisdiction cases, a defendant may assert the challenge whenever the district court fails to "schedule a refiled case within the trial deadline that would have been applicable" in the court of limited jurisdiction. Rule 5-604(B); *see State v. Montoya*, 2011-NMCA-009, ¶ 8, 149 N.M. 242, 247 P.3d 1127 ("[W]e will give effect to the plain meaning of the rule if its language is clear and unambiguous." (alteration, internal quotation marks, and citation omitted)). Because Defendant's district court trial date fell beyond the originally applicable six-month date, we conclude Defendant was entitled to raise a speedy trial challenge and the district court committed no error in considering Defendant's motion. Moreover, because Defendant alleged actual prejudice as a result of the delay, *Garza* and *Savedra* further suggest the district court committed no error by entertaining his motion. *See Garza*, 2009-NMSC-038, ¶¶ 22, 49 (noting guideline periods will not preclude challenge at earlier time where the defendant suffers actual prejudice); *see also Savedra*, 2010-NMSC-025, ¶ 9 (explaining defendants may raise speedy trial challenges whenever they believe impermissible delay has arisen); *cf.* Rule 5-604(B) (placing no time frame on the filing of speedy trial motions in refiled concurrent jurisdiction cases).

**{13}** While the district court here was free to entertain Defendant's motion to dismiss, whether Defendant established a violation of his right to speedy trial is another matter, which we address below.

## III. The District Court Erred in Concluding That Defendant's Right to a Speedy Trial Was Violated

**{14}** As already noted, in evaluating Defendant's speedy trial claim, we consider the *Barker* factors—the length of delay, the reasons for delay, the defendant's assertion of the right, and the prejudice to the defendant caused by the delay. *See Garza*, 2009-NMSC-038, ¶ 13; *see also* Rule 5-604(B) (listing speedy trial factors to consider). We weigh these four factors together given "the unique factual circumstances presented in each case." *Garza*, 2009-NMSC-038, ¶ 14. "In analyzing these factors, we defer to the district court's factual findings concerning each factor as long as they are supported by substantial evidence, we independently review the record to determine whether a defendant was denied his speedy trial right, and we weigh and balance the *Barker* factors de novo." *State v. Montoya*, 2015-NMCA-056, ¶ 12, 348 P.3d 1057. To the extent we review the district court's application of Rule 5-604, our review is de novo. *See State v. Wilson*, 1998-NMCA-084, ¶ 8, 125 N.M. 390, 962 P.2d 636.

### A. Length of Delay

**{15}** The parties agree this is a simple case. *Garza* instructs courts evaluating the length of delay to measure the delay against the relevant guideline established for finding presumptive prejudice. *See* 2009-NMSC-038, ¶¶ 23-24. For simple cases, *Garza* established a guideline of twelve months. *Id.* ¶ 48.

**{16}** The district court weighed the length of delay here against the State, concerned that Defendant's district court trial date had been scheduled eighty days beyond the six-month magistrate court deadline. The district court was, in effect, measuring the length of delay against the magistrate court six-month rule. While Rule 5-604 references the trial deadline in magistrate court, nothing in the rule suggests the length of delay is to be measured against something other than the *Garza* guideline. *See* Rule 5-604(B). And *Savedra* suggests the *Garza* guideline is in fact the applicable measuring stick in these refiled concurrent jurisdiction cases, explaining that a defendant's challenge based on dismissal and refiling should occur in "the context of" the standard speedy trial analysis, and citing *Garza* as providing the relevant "new time frames for engaging in the four-factor *Barker* . . . speedy trial balancing test." *Savedra*, 2010-NMSC-025, ¶ 8. We therefore measure the delay here against the backdrop of *Garza*'s twelve-month guideline.

**{17}** The parties agree Defendant's case was pending from the date of his magistrate court arraignment, March 28, 2016, until his district court trial date of December 19, 2016. That constitutes a total delay of approximately eight months and three weeks—several months short of the *Garza* guideline. In other cases where delay has barely exceeded the applicable guideline, New Mexico courts have concluded the length of

delay weighs in favor of neither party, or only negligibly in favor of the defendant. *See, e.g., State v. Coffin*, 1999-NMSC-038, ¶ 59, 128 N.M. 192, 991 P.2d 477 (concluding delay exceeded guideline only "exceptionally slight[ly]" and weighing the delay "neutrally between the parties"); *State v. Laney*, 2003-NMCA-144, ¶ 16, 134 N.M. 648, 81 P.3d 591 (concluding delay exceeding guideline by "sixty-two days" had "little practical effect on the balancing"). The parties have presented no authority providing guidance as to how to weigh delays not exceeding the relevant guideline, but we conclude faithful application of the principles from the minimal-delay cases compels a conclusion that delays not exceeding the guideline will generally weigh against a defendant.

**{18}** Because the delay here fell several months short of the relevant guideline, we conclude the length of delay weighs against Defendant. The district court erred in measuring the delay against the magistrate court six-month rule and in weighing the length of delay factor in Defendant's favor.

## B.    Reasons for Delay

**{19}** The district court concluded the dismissal and refiling weighed in favor of the State because the State offered reasons for refiling that were considered valid under earlier case law. *Garza*, however, instructs that while the state retains "discretion to dismiss a criminal case in magistrate court and reinstate charges in district court," that discretion will not justify the delay that occurs in the period the case remains pending in magistrate court. 2009-NMSC-038, ¶ 28. This delay instead, in the absence of a showing of intent or bad faith, constitutes negligent delay and weighs against the state. *Id.* The weight assignable to this kind of negligent delay is closely related to the length of delay—the weight increases with the delay's "protractedness," and for shorter periods of delay, negligence will generally weigh only "slightly" against the state. *Id.* ¶¶ 26, 30. The parties agree there was no intentional delay or bad faith established, and the case was only pending in magistrate court for a few months. As a result, we conclude the delay resulting from removal of the case to district court was negligent and weighs slightly against the State. As for the time the case was pending in district court—a period that neither party addresses—it appears the case was proceeding normally and should be weighed neutrally. *See State v. Maddox*, 2008-NMSC-062, ¶ 27, 145 N.M. 242, 195 P.3d 1254 (concluding that period where "case moved toward trial with customary promptness" should be weighed "neutrally between the parties"), *abrogated on other grounds by Garza*, 2009-NMSC-038.

## C.    Assertion of the Right

**{20}** The district court gave no apparent consideration to this factor. Generally, a court evaluating this factor should consider the timing and manner of the defendant's assertion of the right, along with the "frequency and force of the defendant's objections to [any] delays." *Garza*, 2009-NMSC-038, ¶ 32 (internal quotation marks and citation omitted). Here, Defendant made only one early, perfunctory demand for speedy trial, and then asked for dismissal as his trial approached. Defendant concedes he did not aggressively assert his speedy trial right and reasons this factor should weigh only

slightly in his favor. The State agrees. On the record here, we agree with the parties and conclude this factor weighs only slightly in Defendant's favor. *See Maddox*, 2008-NMSC-062, ¶ 31 (weighing factor slightly in the defendant's favor when the defendant's assertions were "neither timely nor forceful"); *State v. Moreno*, 2010-NMCA-044, ¶ 35, 148 N.M. 253, 233 P.3d 782 (weighing factor only slightly in favor of the defendant when he asserted right once early and generically and later only in a motion to dismiss a few months prior to trial).

## D.    Prejudice

**{21}**    The district court initially determined Defendant's testimony regarding his lost opportunity at the Department established actual prejudice and concluded this factor weighed in Defendant's favor. The parties later clarified that Defendant had not actually lost a job with the Department, as the district court may have originally understood. Defendant had instead foregone an opportunity to attend the Department's academy, which may have given rise to some unquantified chance at a job offer. The district court acknowledged this distinction but nevertheless concluded the prejudice factor weighed in Defendant's favor.

**{22}**    Here, we note Defendant presented very little evidence regarding his claim of a lost job opportunity. He offered no information regarding how many offers of employment were typically extended to attendees at the academy, or how many were likely to be extended in this instance. And he offered no other information regarding the likelihood that he would ultimately secure employment based on the initial invitation. Given the very sparse record made, we conclude Defendant's claim with respect to a lost job opportunity was at best speculative. *See, e.g., Garza*, 2009-NMSC-038, ¶ 37 (concluding the defendant failed to make any cognizable showing of prejudice where showing was not sufficiently "particularized"); *State v. Urban*, 2004-NMSC-007, ¶ 18, 135 N.M. 279, 87 P.3d 1061 (noting that while the defendant gave testimony regarding a lost witness, he "failed to articulate how this witness may have been able to assist in his defense[,]" and concluding his "claims with respect to lost witnesses are, at best, speculative").

**{23}**    Even if we ignored the limited record made on Defendant's claim of a lost job opportunity and give the claim fuller consideration, New Mexico courts have previously recognized a distinction between the weighty prejudice arising from the loss of an existing job and the lesser prejudice arising from the loss of a job offer. *Compare State v. Johnson*, 1991-NMCA-134, ¶ 7, 113 N.M. 192, 824 P.2d 332 (concluding the defendant suffered substantial prejudice when he was suspended from his job following indictment), *with State v. Marquez*, 2001-NMCA-062, ¶ 25, 130 N.M. 651, 29 P.3d 1052 ("[The d]efendant never accepted the position offered to him and, at most, it appears that he lost a job opportunity and not a job."). Application of that distinction here is instructive, particularly because Defendant has not claimed even the loss of a job offer like the one at stake in *Marquez*—instead he claims only the loss of an opportunity that may have given rise to some indeterminate chance of a later offer. That kind of nebulous chance has not typically been granted any weight in our case law, and we

decline to give it weight here. *See, e.g.*, *Garza*, 2009-NMSC-038, ¶ 36 (requiring that lost exculpatory testimony be stated with particularity); *see also Maddox*, 2008-NMSC-062, ¶ 35 (concluding the defendant failed to show prejudice where he could not establish an earlier trial date would have given him the opportunity to serve sentences concurrently, noting judge retained sentencing discretion); *cf. Marquez*, 2001-NMCA-062, ¶¶ 27-28 (concluding the defendant failed to show loss of employment opportunity where he could not show how pending case or potential jail time prevented him from accepting job offer).

**{24}** As a result, we conclude the district court erred in determining Defendant established prejudice resulting from the delay in this case. This factor thus does not weigh in Defendant's favor.

### E. Balancing the Factors

**{25}** In weighing our speedy trial factors, we recognize no single consideration is dispositive. *See, e.g.*, *Barker*, 407 U.S. at 533 (explaining "they are related factors and must be considered together with such other circumstances as may be relevant"). Here, although the reasons for delay and assertion of the right factors weigh slightly in Defendant's favor, the length of delay and prejudice factors weigh against him. Generally, where a defendant has failed to establish prejudice, the courts find no speedy trial violation. *See Garza*, 2009-NMSC-038, ¶ 40 ("Because [the d]efendant failed to demonstrate particularized prejudice as a consequence of the ten-month and six-day delay, we cannot conclude that [the d]efendant's right to a speedy trial was violated."). In light of all the factors, we conclude Defendant's right to speedy trial was not violated. *See id.*; *see also Laney*, 2003-NMCA-144, ¶ 30 (concluding no violation occurred where length factor weighed neutrally, reason and assertion factors weighed in the defendant's favor, and no undue prejudice was established).

### CONCLUSION

**{26}** We reverse the ruling of the district court and remand for reinstatement of the criminal charge against Defendant and for further proceedings consistent with this opinion.

**{27} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**LINDA M. VANZI, Judge**